IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD EDWARD WRIGHT, JR., )
                                    )
           Petitioner,         )     No. C 08-5428 CRB (PR)
                                      )
   vs.                        )     ORDER DENYING
                                      )     PETITION FOR A WRIT OF
JAMES A. YATES, Warden,         )     HABEAS CORPUS
                                      )
           Respondent.      )
_____ )

      Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison in Coalinga, California, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1990 conviction and six-year sentence from the Contra Costa County Superior Court.

I.

      On May 23, 1990, petitioner was charged with kidnaping for robbery (Cal. Penal Code § 209(b)), two counts of robbery (Cal. Penal Code §§ 211-212.5(b)), unlawful taking of a vehicle (Cal. Veh. Code § 10851(a)) and dissuading a witness by force or threat (Cal. Penal Code § 136.1(c)(1)).  The information also alleged that petitioner personally used a firearm in the commission of the crimes and that he was on bail on an earlier felony when the crimes were committed.

On August 6, 1990, petitioner pleaded guilty to kidnaping for robbery, one count of robbery and dissuading a witness by force or threat, and, pursuant to a plea agreement, was sentenced to six years in state prison – five years for the robbery and one year for dissuading a witness, with the kidnaping for robbery stayed.

Petitioner did not appeal; but more than a dozen years later, while serving a life sentence for subsequent crimes, he unsuccessfully sought collateral relief from the state courts by claiming that his 1990 six-year sentence was unauthorized by state law.

II.

Petitioner claims his due process rights were violated because the state court improperly sentenced him to one year for dissuading a witness.  He argues that the court improperly applied the "one third the middle-term rule" in violation of California Penal Code section 1170.15 and thereby sentenced him to one year in excess of that authorized by state law.  Even if petitioner may be considered in custody and his petition considered timely, his claim is without merit.

The Contra Costa County Superior Court rejected petitioner's claim that he was incorrectly sentenced in excess of state law:

> . . . [P]etitioner, in the middle of his jury trial, pled guilty to violation of PC 209(b), kidnapping for robbery, PC 211 – 212.5(b), robbery, and PC 136.1(c)(1), dissuading witness by force. Petitioner was sentenced as follows:  The kidnapping for robbery sentence of life was stayed pursuant to PC 654; the aggravated tern of 5 years was imposed on the robbery conviction; and 1 year consecutive to the 5 years was imposed on the PC 136.1(c) conviction, dissuading a witness.  In 1990 the sentencing range for a violation of PC 136.1(c) was 2, 3, or 4 years.

> Petitioner has now brought the instant writ claiming the "plea agreement" and sentence in 1990 is illegal because he could not have been sentenced as a matter of law to 1 year on the PC 136.1(c) charge.  Petitioner errs.

2

The principal term chosen by the trial court was the five year imposed on the robbery.  Any subordinate term to the principal term had to comply with the "one third the mid-term rule."  Thus, one third the mid term of 3 years is one year and that was the term imposed.  Accordingly, petitioner's argument fails.

Doc #1-5 at 33-34.

The state court's determination that petitioner was properly sentenced under California law because California Penal Code section 1170.1's "one third the mid-term rule" applied to his case is binding on this court.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds a federal court sitting in habeas corpus).[1]

Petitioner insists that section 1170.15, rather than section 1170.1, should have been applied.  But if correct, his sentence would have been higher, rather than lower.  Section 1170.15 provides that a person convicted of a felony and of an additional felony violation of section 136.1committed against the victim, witness or potential witness to the first felony must be sentenced to a full middle term of imprisonment for the section 136.1 felony consecutive to the principal term for the first felony.  See People v. Hennessey, 37 Cal. App. 4th 1830, (1995) (explaining that section 1170.15 creates an alternative sentencing scheme to section 1170.1).  Under section 1170.15's sentencing scheme, petitioner would have received the full middle term of three years for dissuading a witness, consecutive to the five years for the robbery.

The court is satisfied that petitioner is not entitled to federal habeas relief on his due process claim.  It is well-established that federal courts must defer to the state courts' interpretation of state sentencing laws.  See Bueno v. Hallahan,

---

[1]A federal court may re-examine a state court's interpretation of its law if that interpretation appears to be an obvious subterfuge to evade consideration of a federal issue.  Mullaney v. Wilbur, 421 U.S. 684, 691 n.11 (1975).  This is no such case.

988 F.2d 86, 88 (9th Cir. 1993).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  There is no indication whatsoever of any fundamental unfairness in petitioner's case.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   March 2, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.08\Wright, R2.deny.wpd

4